UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JON M. FESSEL, M.D. | : | CIVIL NO.: 3:05 CV 01348 (SRU) |
| Plaintiff | : | |
| V | : | |
| YALE UNIVERSITY HEALTH SERVICES, ALAN GREENGLASS, PAUL GENECIN, MORESON KAPLAN, FAVI DRASASULA, KATHERINE MATZKIN | : : : : : | |
| Defendants | : | OCTOBER 18, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

This is an action containing six counts:  One count under the Age Discrimination in Employment Act, one count under the Americans with Disabilities Act, one count for breach of contract, one count for breach of the implied covenant of good faith and fair dealing, and two claims for the infliction of emotional distress.  Defendants have moved to strike paragraphs 25, 26, 32, 33, 34 and that portion of paragraph of paragraph 42 which alleges that the defendants were "grossly negligent" as plaintiff's health care provider.

Fed. R. Civ. P. Rule 12(f) states that the Court should strike those portions of a complaint which are "immaterial" to a cause of action.  The paragraphs which defendants seek to strike are certainly immaterial to the causes of action pled by the plaintiff.  Those paragraphs all make allegations about the defendants' failure to provide adequate medical care to the plaintiff.  While

those claims would be relevant if this were a medical malpractice action, they are not relevant to any of the causes of action asserted in plaintiff's complaint.[1]

## CONCLUSION

Since plaintiff's allegations concerning the adequacy of his medical care are not material to any of the causes of action pled in this matter, defendants' Motion to Strike should be granted.

```
                                THE DEFENDANTS
                                YALE UNIVERSITY HEALTH
                                SERVICES, ALAN GREENGLASS,
                                PAUL GENECIN, MORESON KAPLAN,
                                and KATHERINE MATZKIN,


                          By         /s/
                                Patrick M. Noonan
                                Donahue, Durham & Noonan, P.C.
                                741 Boston Post Road
                                Guilford, CT 06437
                                203-458-9168
```

## CERTIFICATION

---

[1] It should be noted that most of these allegations would be time-barred even if plaintiff had pled a cause of action for medical malpractice, since under Connecticut law the plaintiff has two years within which to bring such a claim. See Conn. Gen. Stat. § 52-584. Furthermore, if the plaintiff amends his complaint to add a medical malpractice claim in this action, defendants will move to dismiss for lack of jurisdiction. There is certainly no federal jurisdiction over such a cause of action, and the events relating to such a cause of action cannot be said to have arisen out of the same nucleus of common facts as the discrimination and breach of contract claims.

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Judith A. Ravel, Esquire
246 Goose Lane, Suite 246
Guilford, CT 06437

                                                          /s/
                                      Patrick M. Noonan