UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JON M. FESSEL, M.D. | : | CIVIL NO.:  3:05 CV 01348 (SRU) |
|     Plaintiff | : | |
| V | : | |
| YALE UNIVERSITY HEALTH SERVICES, ALAN GREENGLASS, PAUL GENECIN, MORESON KAPLAN, RAVI DRASASULA, KATHERINE MATZKIN | : : : : : | |
|     Defendants | : | DECEMBER 12, 2005 |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on December 9, 2005 by telephone and was attended by:

Judith A. Ravel, for the plaintiff, Jon M. Fessel, M.D.; and

Patrick M. Noonan for the defendants, Yale University Health Services, Alan Greenglass, Paul Genecin, Moreson Kaplan, Ravi Durvasula and Katherine Matzkin.

2.  **Pre-Discovery Disclosures.**  The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) through responses to discovery requests as provided in paragraph 3.

3.  **Discovery Plan.**   The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:  (1) circumstances surrounding the defendants' attempt to terminate the plaintiff; (2) plaintiff's failure to return to work after a one

year leave of absence; (3) the defendants' allegations of improper practice by the plaintiff; (4) the plaintiffs' health issues; (5) the plaintiff's allegations of age and disability discrimination by the defendants; (6) the plaintiff's allegations of breach of employment contract by the defendants; (7) the plaintiff's allegations of breach of the covenant of good faith and fair dealing by the defendants; and (8) the plaintiff's damages.

All factual discovery commenced in time to be completed by December 31, 2006.

Maximum of fifty (50) interrogatories by each party to any other party. Responses due forty-five (45) days after service.

Maximum of twenty-five (25) requests for admission by each party to any other party. Responses due forty-five (45) days after service.

Maximum of nine (9) depositions by the plaintiff; in addition to the depositions of each of the defendants' experts. Maximum of 9 depositions by the defendants.

Each deposition, other than that of Paul Genecin and the plaintiff, limited to a maximum of four (4) hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due:

    from the plaintiff by September 1, 2006; and

    from the defendants by January 1, 2007.

Depositions of experts will be conducted:

    plaintiff's experts by November 30, 2006; and

    defendants' experts by March 15, 2007.

**4.     Other Items.**

The parties do not request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference in June, 2006.

Plaintiff should be allowed until January 31, 2006 to join additional parties and until January 31, 2006 to amend the pleadings.

Defendants should be allowed until January 31, 2006 to join additional parties and until January 31, 2006 to amend the pleadings.

All potentially dispositive motions should be filed by March 30, 2007.

Settlement is unlikely prior to June, 2006.  Settlement may be enhanced by use of the following alternative dispute resolution:  referral to Federal Magistrate.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

> from the plaintiff by June 30, 2007; and

> from the defendants by July 30, 2007

Parties should have thirty (30) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by September 1, 2007 and at this time is expected to take approximately five (5) days.

Date:   December 12, 2006

                Plaintiff

By _____
        Judith A. Ravel, Esquire

Defendants

By _____
        Patrick M. Noonan, Esquire