UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

JON M. FESSEL, M.D.           :      CIVIL NO.:  3:05 CV 01348 (SRU)

      Plaintiff                :

V                             :

YALE UNIVERSITY HEALTH     :
SERVICES, ALAN GREENGLASS,  :
PAUL GENECIN, MORESON KAPLAN,  :
RAVI DURVASULA,                :
KATHERINE MATZKIN        :

      Defendants              :      DECEMBER 29, 2005

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE

On October 18, 2005, the defendants, Yale University Health Services ("YUHS"), Paul Genecin, M.D., Alan Greenglass, M.D., Moreson Kaplan, M.D., and Katherine Matzkin, moved to strike paragraphs 25, 26, 32, 33, 34 and a portion of paragraph 42 of the plaintiff's complaint, pursuant to Fed. R. Civ. P. Rule 12(f).  The plaintiff filed a brief in opposition on December 20, 2005.  The defendants hereby submit this brief in reply.  The defendants' Motion to Strike must be granted because the plaintiff's complaint contains allegations that are immaterial to the present action.

Fed. R. Civ. P. Rule 12(f) states:  "Upon motion made by a party before responding to a pleading … the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Second Circuit has held that a motion to strike should not be granted "unless there is a strong reason for so doing."  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).  "In spite of this reluctance,

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK   •   741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168 • FAX:  (203) 458-4424
JURIS NO. 415438

allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002), citing 5A Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d § 1382, at 714 (1994 & Supp. 2001).  In G-I Holdings, supra, involving a breach of contract claim, the court struck allegations that the defendants engaged in extortion. The court stated that the allegations simply provided background, and had "no real bearing on the case." Id. at 555.  The court further held that the allegations should be stricken as prejudicial and because they could influence prospective jury members.  Id. at 556.  See also Gotlin v. Lederman, 367 F. Supp. 2d 349, 363-64 (E.D.N.Y. 2005) (allegations regarding Medicaid fraud, investigation by Department of Health and Human Services, and agreement with New York State Department of Health held not relevant to lawsuit against hospital and individual physicians for medical malpractice, false advertising and violations of Racketeer Influenced and Corrupt Organizations Act); Urashka v. Griffin Hospital, 841 F. Supp. 468, 476-77 (D.Conn. 1994) (striking portions of complaint not relevant to federal age discrimination claim).

At issue presently are allegations that the defendants did not provide adequate medical care to the plaintiff.  For example, paragraph 25 of the plaintiff's complaint states that "YUHS . . . deprived plaintiff of needed medical care." (Complaint, ¶ 25.)  Paragraph 26 states that YUHS grossly violated "its duties as plaintiff's health care provider . . ." (Complaint, ¶ 26.)  Paragraph 35 states that a YUHS psychiatrist violated medical standards.  (Complaint, ¶ 34.)  Finally, paragraph 42 states that the defendants were "grossly negligent . . . as plaintiff's health care provider . . ."  The plaintiff argues that these allegations are relevant as they concern the

defendants' treatment and care of him, as well as the defendants' knowledge of his disability. However, the plaintiff fails to recognize that the present case involves the defendants' actions as his employer, not his health care provider.  This is made clear by a reading of the complaint. The plaintiff's causes of action under the ADEA and ADA state that he was discriminated against "in the terms and conditions of his employment."  (See Complaint, ¶¶ 57 and 60.)  The plaintiff's causes of action for breach of contract and breach of the covenant of good faith and fair dealing also state that YUHS breached the plaintiff's "employment contract."  (See Complaint,¶¶ 63 and 66.)  On the other hand, the allegations quoted above clearly relate to the defendants' conduct as a health care provider.

As the paragraphs that the defendants seek to have stricken all relate to an alleged failure to provide adequate medical care, they are not relevant to the present case which concerns only the plaintiff's employment relationship with the defendants.  Whether or not the defendants provided adequate medical care offers no insight into whether the plaintiff was treated differently in his employment because of age or disability, nor does it offer insight into whether an employment contract has been breached.[1]  Furthermore, the plaintiff's allegations that the defendants did not provide proper medical care are inflammatory and likely to prejudice the defendants.

---

[1]       In his sixth cause of action, the plaintiff has alleged a claim of negligent infliction of emotional distress.  It should be noted that a negligent infliction of emotional distress claim can only be based on unreasonable conduct of the defendant in the process of terminating a plaintiff's employment.  See Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 752 (2002).  As a matter of law, therefore, paragraphs 25, 26, 32, 33, 34 and 42 are not relevant to this claim, as, not only do they not concern the plaintiff's employment, they also do not concern his termination.

Therefore, for the reasons stated herein, as well as in the defendants' memorandum of law in support of its motion to strike, the motion to strike paragraphs 25, 26, 32, 33, 34 and a portion of paragraph 42 should be granted.

THE DEFENDANTS
YALE UNIVERSITY HEALTH
SERVICES, ALAN GREENGLASS,
PAUL GENECIN, MORESON KAPLAN,
and KATHERINE MATZKIN,

By _____/s/_____
        Patrick M. Noonan (ct00189)
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        203-458-9168

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the

above-written date, to:

Judith A. Ravel, Esquire
246 Goose Lane, Suite 246
Guilford, CT 06437


_____/s/_____
Patrick M. Noonan