UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JON M. FESSEL, M.D. | : | CIVIL NO.:  3:05 CV 01348 (SRU) |
|    Plaintiff | : | |
| V | : | |
| YALE UNIVERSITY HEALTH SERVICES, ALAN GREENGLASS, PAUL GENECIN, MORESON KAPLAN, RAVI DURVASULA, KATHERINE MATZKIN | : : : : : | |
|    Defendants | : | NOVEMBER 2, 2006 |

## ANSWER

Defendants hereby answer plaintiff's Complaint, dated August 24, 2005, as follows:

1-2.　These paragraphs contain conclusions of law, as to which no response is required.

3.　Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except to admit that CHRO issued a Release of Jurisdiction and a Notice of Right to Sue.

4.　Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and leave plaintiff to his proof.

5.　The allegations contained in Paragraph 5 are denied, except to admit that Yale University Health Services is a health maintenance organization operated by Yale University in New Haven, Connecticut.

6. Defendants admit that the individuals listed in Paragraph 6 occupied the positions indicated at certain times, with the exception of Dr. Kaplan, who was Associate Director for Medical Affairs.

7-9. These paragraphs contain legal conclusions as to which no response is required.

10. The allegations contained in Paragraph 10 are denied, except to admit that plaintiff was hired as Chief of Internal Medicine at YUHS in 1985 and that a letter was sent to the plaintiff in connection with his hiring.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and leave plaintiff to his proof. Defendants also note that it would be impossible to determine who are the "most prominent members of the Yale community."

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny knowledge or information as to the first sentence of Paragraph 13. The second sentence of Paragraph 13 states legal conclusions at to which no response is required.

14-15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14-15 and leave plaintiff to his proof.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny knowledge or information as to the ages of the individuals listed in Paragraph 17. It is admitted that the plaintiff reported to John Federico, Medical

Director, when he was initially hired, and it is further admitted that Dr. Federico reported to Dr. Rowe.

18. Defendants deny knowledge or information as to the ages of the individuals listed in Paragraph 18, and admit that when Dr. Federico left YUHS he was replaced by Dr. Spangler.

19. Defendants deny knowledge or information sufficient to form a belief as to the ages of the individuals listed in Paragraph 19, with the exception of Dr. Genecin who knows his age. Defendants admit that when plaintiff left his position as Chief of Internal Medicine, Dr. Genecin was appointed to that position.

20. Defendants deny knowledge or information as to the age of Dr. Spangler, but admit that she did become Director of YUHS and further admit that at various points in time Dr. Kaplan was Medical Director.

21. Defendants deny knowledge or information as to the ages of the individuals listed in Paragraph 21, except for Dr. Genecin who knows his age. Defendants admit that Dr. Genecin became Director of YUHS and Dr. Smith became Chief of Internal Medicine.

22. Defendants deny knowledge or information sufficient to form a belief as to the age of Dr. Durvasula, except for Dr. Durvasula who knows his age. Defendants admit that Dr. Durvasula became Medical Director and Interim Chief of Internal Medicine. The remainder of the allegations in Paragraph 22 are denied.

23. Defendants deny knowledge or information sufficient to form a belief as to the ages of the individuals listed in Paragraph 23, except for Dr. Durvasula who knows his

own age.  It is admitted that Dr. Malik became Chief of Internal Medicine, and it is further admitted that he left that position after occupying it for only a few months.  It is further admitted that Dr. Greenglass (who knows his own age), was appointed Interim Chief of Internal Medicine.  The remainder of the allegations contained in Paragraph 23 are denied.

24. Defendants deny knowledge or information sufficient to form a belief as to the communications between Dr. Henry and Dr. Fessel.  Defendants admit that as an accommodation to Dr. Fessel, he was not required to work nights or weekends, and in accordance with established policy, his compensation was reduced to reflect the diminishment in his responsibilities.  It is further admitted that Dr. Fessel expressed a desire that his salary not be decreased.  The remainder of the allegations contained in Paragraph 24 are denied.

25-26. Defendants deny the allegations contained in Paragraphs 25 and 26.

27. Defendants admit that Dr. Malik became Chief of Internal Medicine and deny the remaining allegations contained in Paragraph 27.

28-30. Defendants deny the allegations contained in Paragraphs 28, 29 and 30.

31-33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31, 32 and 33 and leave plaintiff to his proof.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit that in January, 2003, plaintiff advised YUHS that he would not be coming to work. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35.

36. The defendants, other than Dr. Greenglass, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36. Dr. Greenglass admits that at some point in late January plaintiff told him that he was treating for depression. Dr. Greenglass denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 36.

37. The defendants, other than Dr. Greenglass, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. Dr. Greenglass denies those allegations as stated. Dr. Greenglass admits that upon being told that Dr. Fessel felt well enough to perform some work, Dr. Greenglass suggested, as an accommodation for his stated condition, that Dr. Fessel not see regularly scheduled patients.

38. The allegations contained in Paragraph 38 are denied as stated. It is admitted that at some point on January 27, 2003 Dr. Greenglass scheduled a meeting at which the individuals listed in Paragraph 38 were present.

39. The allegations contained in Paragraph 39 are admitted.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, except to admit that Ms. Mendizabal was Dr. Fessel's medical assistant.

41. The allegations contained in Paragraph 41 are denied as stated. Defendants admit that after a time, the individuals in the meeting, with the exception of Dr. Fessel, left the room in order to talk among themselves. Defendants further admit that Dr. Greenglass and Ms. Matzkin then met again with Dr. Fessel and offered him the opportunity to resign or retire, rather than be terminated. It is further admitted that Ms. Matzkin indicated that Dr. Fessel's conduct had placed the patients at risk.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except to admit that Ms. Mendizabal was being treated by a physician other than Dr. Fessel, and further admit that the defendants had no reason to discipline that physician. It is admitted that at the time of the filing of the plaintiff's complaint, Ms. Mendizabal was still an employee of YUHS.

44-45. Defendants admit that plaintiff's counsel wrote a letter to YUHS and refer to that letter for the contents thereof.

46-47. It is admitted that further written communications ensued between counsel for plaintiff and counsel for defendants, and defendants refer to those written communications for the contents thereof.

48-49. Defendants deny the allegations contained in Paragraphs 48 and 49.

50. It is admitted that plaintiff's appointment at YUHS expired as of July 1, 2003. The remaining allegations of Paragraph 50 are denied.

51. Defendants deny the allegations contained in Paragraph 51, except to admit that there were written communications and refer to those written communications for the contents thereof.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and leave plaintiff to his proof.

53-54. The allegations contained in Paragraphs 53 and 54 are denied.

55. There is no paragraph 55 in the complaint.

56. Defendants repeat the answers to Paragraphs 1 through 55 as the answers to Paragraph 56.

57-58. The allegations contained in Paragraphs 57 and 58 are denied.

59. The answers to Paragraphs 1 through 58 are hereby made the answer to Paragraph 59.

60-61. The allegations contained in Paragraphs 60 and 61 are denied.

62. The answers to Paragraphs 1 through 61 are hereby made the answer to Paragraph 62.

63-64. The allegations contained in Paragraphs 63 and 64 are denied.

65. The answers to Paragraphs 1 through 64 are hereby made the answer to Paragraph 65.

66-67. The allegations contained in Paragraphs 66 and 67 are denied.

68-73. No response is required to these Paragraphs, since the Court has dismissed the plaintiff's Fifth and Sixth Causes of Action.

                THE DEFENDANTS
                YALE UNIVERSITY HEALTH
                SERVICES, ALAN GREENGLASS,
                PAUL GENECIN, MORESON KAPLAN,
                and KATHERINE MATZKIN,

                By _____/s/_____
                        Patrick M. Noonan (ct00189)
                        Donahue, Durham & Noonan, P.C.
                        741 Boston Post Road
                        Guilford, CT 06437
                        203-458-9168


## **CERTIFICATION**

      This is to certify that a copy of the foregoing was e-mailed on the above-written date,

to:

Judith A. Ravel, Esquire
jar@jravel-law.com



                                                                   _____/s/_____

Patrick M. Noonan